UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

      Plaintiff,

  vs.                                  Case No. 02-CR-144

DEXTER FOWLER,

      Defendant.

---

DECISION AND ORDER ADOPTING THE MAGISTRATE JUDGE'S RECOMMENDATION, DENYING DEFENDANT'S MOTION TO SUPPRESS, DENYING IN PART AS MOOT AND DENYING IN PART ON THE MERITS DEFENDANT'S MOTION TO DISCLOSE CO-CONSPIRATOR AND INFORMANT STATEMENTS, GRANTING IN PART AND DENYING IN PART AS MOOT DEFENDANT'S MOTION TO EXCLUDE RULE 404(B) EVIDENCE

On June 15, 2007, Magistrate Judge William E. Callahan, Jr., issued a recommendation that defendant's motion to suppress telephone surveillance evidence be denied, that defendant's motion to disclose co-conspirator and informant statements be denied as moot and denied in part on the merits, and that defendant's motion to exclude Rule 404(b) be granted in part and denied in part as moot. Defendant filed an objection adopting and incorporating all arguments previously made by counsel. He did not object to any specific portion of the recommendation.

      A district court must review de novo the recommendations of the magistrate judge to which either party timely objects. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b). The court may review de novo any other aspect of the recommendation as it determines. *Delgado v. Bowen*, 782 F.2d 79, 82 (7th Cir.1986). If there is no objection or a partial objection to a magistrate judge's recommendation, the district court judge reviews the

unobjected-to portions of the magistrate judge's recommendation for clear error. *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir.1999).

Even under a de novo standard of review, *see generally U.S. v. Brandon Charles,* 476 F.3d 492, 496 (7th Cir. 2007), this court fully agrees with and will adopt the recommendations of the Magistrate Judge. The court notes that there are no precise objections to the recitation of the law. Consequently, the recitation by Magistrate Judge Callahan is incorporated by reference.

With respect to defendant's motion to exclude all electronic eavesdropping of telephone conversations, defendant argues that the government failed to show necessity, probable cause, and failed to properly minimize the interceptions. Necessity was addressed by Magistrate Judge Callahan in a recommendation dated March 27, 2003, when ruling on identical motions brought by co-defendants Marvel D. Belser and Rodney M. Davis. (Docket # 236) In that recommendation, Magistrate Judge Callahan discussed the affidavit of Special Agent Matthew J. Gibson filed in support of the wiretap application and concluded that there was "more than adequate basis to find that the normal investigative procedures would unlikely reveal the identities of Marvel D. Belser's drug suppliers." Hence, he recommended that the motion to suppress be denied, and this court adopted the recommendation on November 21, 2003. (Docket # 426) The court is mindful that the Title III affidavits were made available to the defense, and finds no basis for revisiting its earlier motion. Defendant's motion will be denied.

I was property for Magistrate Judge Callahan to conclude that the application set forth probable cause to believe that the cellular telephones of Marvel Belser and Kevin Roberts were being used in furtherance of drug trafficking and a conspiracy to traffic drugs,

2

and that interception of each would provide evidence of such activity. Reliable sources established that Belser and Roberts engaged in selling large quantities of cocaine over many years. Moreover, a reliable cooperative witness (CW6), placed recorded calls in the presence and under the direction of law enforcement to the Belser and Roberts telephone and engaged in drug trafficking conversations one week prior to the authorization for the wiretap. In addition, through the telephone analysis from the pen registers and trap and traces placed on the target telephones, law enforcement was able to establish that Belser and Roberts were utilizing the target telephones during the preceding thirty days to communicate with other members of the conspiracy, and each other. Nothing more is required to establish probable cause.

Further, the government has made a prima facie case of reasonableness with respect to minimization. The court has reviewed the summaries of the wiretapped calls attached to the affidavit of Special Agent Gibson, which allegedly intercept conversations with the defendant. These summaries support a finding of reasonable compliance. *United States v. Quitana*, 508 F.2d 867, 875 (7th Cir. 1975). Because the defendant has not shown that the surveillance was improper, the motion to suppress will be denied.

Next, defendant moves to disclose co-conspirator and informant statements which the government intends to use at trial pursuant to *United States v. Santiago*, 582 F.2d 1128 (7th Cir. 1978). At the same time, defendant appears to seek more than statements by referring to Rule 35 motions and presentence investigation reports. The government represents that it is following its usual open file policy in this case and that it is mindful of its *Brady* and *Giglio* obligations. Further, defendant has not demonstrated that any of the presentence reports contain exculpatory or impeaching information, *United*

3

*States v. Romo*, 914 F.2d 889, 898-99 (7th Cir. 1990), and the court will not order that they be turned over to the defense.

As a final matter, defendant moved to exclude all evidence of other crimes or wrongs evidence not charged in the indictment but known to the government and intended to be introduced through the government's witnesses. The government has acknowledged its responsibility to give the defendant reasonable notice in advance of trial of the general nature of other acts evidence that it intends to introduce. The court agrees that two weeks notice is reasonable.

Now, therefore,

IT IS ORDERED that the recommendation of Magistrate Judge William E. Callahan dated June 15, 2007, is adopted.

IT IS FURTHER ORDERED that defendant's motion to suppress is denied.

IT IS FURTHER ORDERED that defendant's motion to disclose co-conspirator informant statements is denied in part as moot and denied in part on the merits.

IT IS FURTHER ORDERED that defendant's motion to exclude Rule 404(b) evidence is granted in part and denied in part as moot. The government must disclose, at least fourteen days prior to trial, any other acts evidence that it intends to introduce during its case-in-chief, for cross-examination, impeachment, or possible rebuttal.

Dated at Milwaukee, Wisconsin, this 25th day of July, 2007.

BY THE COURT

s/ C. N. CLEVERT, JR.
C. N. CLEVERT, JR.
U. S. DISTRICT JUDGE