UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

        Plaintiff,

v.

DEXTER E. FOWLER,

        Defendant.

Case No. 02-cr-144-PP

---

**ORDER DENYING THAT PORTION OF THE DEFENDANT'S APRIL 1, 2015 MOTION TO DECREASE SENTENCE BY 1,015 DAYS (DKT. NO. 1233)**

---

      On April 1, 2015, the defendant filed a motion asking the court to reduce his sentence pursuant to 18 U.S.C. §3582(c)(2). Dkt. No. 1233. He based this request on Amendment 782 to the U.S. Sentencing Guidelines, which reduced by two levels the offense levels in the drug quantity tables, and on U.S.S.G. §1B1.10, which allows courts to reduce defendants' sentences when the Sentencing Commission reduces the Guidelines after the defendant is sentenced. Id. On July 28, 2015, the court granted the defendant's Amendment 782 motion, and reduced his sentence to 151 months pursuant to the Amendment. Dkt. No. 1239.

      Two days later, the defendant's former lawyer (acting as a friend of the court) filed a letter urging the court to grant the defendant's motion "in full," to "correct the record to obtain credit for pretrial incarceration prior to [the defendant's sentencing]." Dkt. No. 1241. On September 24, 2015, the defendant filed a letter, "asking for a decision granting the other part of [his]

1

motion regarding the (1,105) days pretrial credits that were decreased from [his] original sentence . . . by Judge Clevert, upon recommendation of [the prosecutor]." Dkt. No. 1244. The defendant this same letter again on November 30, 2015 (apparently because he'd received no response from the court). Dkt. No. 1245.

The court did not see these letters until recently—the court responds to motions, not letters. When the court reviewed the letters, it was perplexed, given the fact that the defendant's April 1, 2015 motion was entitled "Motion for a Reduction of Sentence Pursuant to 18 U.S.C. §3582(c)(2);" the title didn't make any reference to any other request. Dkt. No. 1233. The court went back through the April 1, 2015 motion to try to figure out what other "part" it had not ruled on. On page five of the motion, the defendant stated that after the district court had imposed his original sentence, "[t]he government [recommended] . . . they should then decrease that sentence by the number of days that both defense and government agreed upon (1,105) days." Dkt. No. 1233 at 5. He then went through the reasons the court should grant his Amendment 782 motion, and all the things he had done that were positive and pro-social while incarcerated. Then, at page 9 of the motion, the defendant stated, "Once the District Court makes the determination as to what the appropriate sentence is using the amended guidelines the Court should then decrease that sentence by the number of days credited (1,105) as the Court did in the original sentence . . . ." Id. at 9.

2

It appears that these two sentences constitute the "other part" of the defendant's motion to reduce sentence—the part the court has not ruled upon.

Section 3585(b) of Title 18 states, "A defendant **shall be given** credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences-- (1) as a result of the offense for which the sentence was imposed . . . ." The Supreme Court has held, however, that "Section 3585(b) does not authorize a district court to compute the credit at sentencing." United States v. Wilson, 503 U.S. 329, 329 (1992). The court held that the language of that statute required that computation of credited time must begin "after the defendant begins his sentence," because it states that the defendant gets credit for time spent in official detention "prior to the date the sentence commences." Id. Thus, as the Seventh Circuit has held, a district court has "no authority to order the BOP to give [a defendant credit under §3585(b)] because that authority rests exclusively with the [Bureau of Prisons]." United States v. Ross, 219 F.3d 592, 594 (7th Cir. 2000) (citing Wilson).

The defendant attached to his April 1, 2015 motion portions of the transcript of his March 13, 2008 sentencing. Dkt. No. 1233-2. At the sentencing, the defendant's counsel made an argument that the defendant had spent time in state custody for the federal offense of conviction, and argued that if Judge Clevert (the sentencing judge in this case) did not give the

3

defendant credit for that time, it would constitute double jeopardy. Id. at 26. Judge Clevert disagreed with the double jeopardy characterization, but stated:

> And I do note that you have pointed out that you and the government have discussed calculation of sentencing credit in this case, and I certainly have to take that into account when we get to the next step, the next stage in this case. You indicated that you and the government are in agreement that a total of 1,105 days have been spent in custody since Mr. Fowler was arrested on March 3rd of 2005, and I am certainly going to ask you to clarify what you believe is the necessary steps this Court should take in order to assure that the appropriate calculation is submitted to the Bureau of Prisons or set forth in the judgment of conviction so that the appropriate calculation can be made.

Id. at 27.

The parties went back and forth regarding whether the entire 1,105 days should be credited toward the federal sentence, or whether some of it was for the state sentence. Id. at 27-32. During that discussion, the defendant's attorney argued that he should credit against the federal sentence for all 1,105 days, and told the court that it could either state in the judgment of conviction that the defendant should receive that credit, or incorporate the reduction into the final sentence the judge decided to impose. Id. at 31. Counsel also suggested that if the court put the credit calculation in the judgment of conviction and then the Bureau of Prisons didn't give the credit, the defendant could come back to court; the court responded that procedurally, that would not work. Id. at 32. After this extended exchange, the court suggested that the parties go ahead and make their sentencing arguments, and then it would come back to the credit issue. Id.

4

After the parties had made their sentencing arguments, others had spoken on the defendant's behalf, and the defendant had made a statement on his own behalf, Judge Clevert stated, "First, the Court finds for sentencing purposes that the defendant has been in custody in connection with this case since March 3rd of 2005. That in determining what credit he is to be given for sentencing purposes in this case must begin at that date." Id. at 47-48. The court then went over the calculation of the Sentencing Guidelines, as well as the factors under 18 U.S.C. §3553. After extensively discussing all of the sentencing factors, Judge Clevert stated, "it is the sentence of this Court that you, Mr. Fowler, be sentenced to a term of 160 months in the custody of the Bureau of Prisons." Id. at 50. Judge Clevert then said, "As noted, you are entitled to sentencing credit based upon the Court's earlier finding here today. I believe that is reasonable, it is fair, and it's just and proportionate under the circumstance here." Id.

The defendant's Sentencing Guideline range was 188-235 months. Dkt. No. 1233 at 2. The 1,051 days Judge Clevert mentioned at sentencing equates to roughly 35 months; 160 months plus 35 months is 195 months, a sentence within the guideline range. The sentencing transcript does not make clear whether Judge Clevert intended to impose a sentence of 160 months *minus* 1,051 days (which is what the defendant and his former attorney argue, and which would constitute a substantial departure below the Guideline range), or whether he considered a higher sentence, but factored in the 1,051 days of credit to come to a result of 160 months. In other words, the transcript does

5

not make clear whether the 160-month sentence credits the defendant for the 1,051 or not.

The judgment of conviction does not resolve this lack of clarity. On page two of that document, under "Imprisonment," the judgment states that the defendant is committed to BOP custody for 160 months. Dkt. No. 1032 at 2. Under "The court makes the following recommendations to the Bureau of Prisons," there are listed three recommendations: participation in the Inmate Financial Responsibilty Prograam, placement at an institute in Southern California, and participation in the "500 Hour" drug treatment program. Id. the document does not mention anything about 1,051 days of credit.

Thus, it is not clear whether Judge Clevert meant to recommend that the BOP give the defendant 1,051 days off the 160 months, or whether he believed he'd already given the defendant that credit in calculating the 160-month sentence. Because calculation of prior credit resides within the purview of the Bureau of Prisons, however, the court asked the probation department to request from the Bureau of Prisons its sentence credit calculations for the defendant. The BOP provided the court with its calculations as of December 10, 2015, which the court attaches to this order. That document indicates that Judge Clevert sentenced the defendant on March 13, 2008, and that the sentence he imposed was 160 months. The BOP began computing the sentence on March 13, 2008—the date of sentencing. It gave the defendant credit, however, for 478 days "prior credit time," calculated from November 21, 2006 through March 12, 2008. The remarks at the end of the calculation indicate

6

that the BOP began calculating the sentence credit on November 21, 2006 because that is the date that the defendant was "released from state sentence via parole . . . ."

The defendant, therefore, received a sentence of 160 months, minus 478 days (approximately 16 months) for credit for prior service, minus nine months for the Amendment 782 reduction.

Under Wilson and its progeny, this court does not have the authority to order the Bureau of Prisons to give the defendant prior sentence credit. Further, it is not clear that Judge Clevert intended the defendant to receive 1,051 days of credit on top of the 160-month sentence. Finally, the BOP *has* given the defendant prior sentence credit of 478 days.

For all of these reasons, the court **DENIES** that portion of the defendant's April 1, 2015 motion which asks the court to give him an additional reduction of 1,051 days on top of the Amendment 782 reduction. (Dkt. No. 1233 at p. 9).

Dated in Milwaukee, Wisconsin this 15th day of December, 2015.

BY THE COURT:

HON. PAMELA PEPPER
United States District Judge